UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE LEE REYES,

       Plaintiff,

CASE No. 1:20-CV-195

v.

HON. ROBERT J. JONKER

JULIE K. FLETCHER, et al.,

       Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 39) and Plaintiff's Objection to it. (ECF No. 40). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objection.[1]  After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting Defendant Fletcher's motion for summary judgment on the basis of Plaintiff's failure to properly exhaust his claim.  As the Magistrate Judge observed, Plaintiff injured his shoulder on or about June 2, 2018.  He claims he sought treatment from prison health care officials, including Defendant Fletcher, but that he was denied proper medical treatment in violation of his Eighth Amendment rights.  On October 7, 2019, many months later, Plaintiff submitted his one and only grievance on the issue.  Plaintiff's grievance was rejected by MDOC officials because it was "vague/unclear" counter to MDOC policy. This determination was affirmed through Steps II and III.  Plaintiff's grievance was deficient in that it failed to identify every individual involved, and did not identify the dates, times, or places where the incident occurred.  The Magistrate Judge reasoned that Defendant Fletcher satisfied her summary judgment burden on exhaustion, and that Plaintiff had failed to identify a genuine factual dispute on the matter.

In his objections, Plaintiff fails to deal with this reasoning in any persuasive way.  He contends that he was told in October 2019 that MDOC officials should have treated his injury immediately in June 2018 and that it was only at this point that he "was made aware that this was

---

[1] The Court observes Plaintiff did not file a response to the defendant's motion and it is generally not proper to respond, in the first instance, to a dispositive motion through the objections to a Magistrate Judge's Report and Recommendation. *See United States v.* Waters, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27) (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).  Plaintiff contends he felt "discouraged" from responding to the motion.  Ultimately the Court need not decide this procedural issue because under a de novo review of the motion, the Report and Recommendation, and Plaintiff's Objection, the Court concludes the Magistrate Judge's recommendation is correct.

2

a grievable issue." (ECF No. 40, PageID.550).  By this point, however, Plaintiff says it was impossible to remember specific dates and times.  None of this disturbs the Magistrate Judge's analysis.  Plaintiff's contention that he only realized in October 2019 that he had a grievable issue is belied by his own assertions regarding the denial of care well before then. They are further belied by his grievance history report, attached to a separate motion that remains pending, which demonstrates he filed a separate grievance about his treatment on July 2, 2018.  (ECF No. 33-3, PageID.511).  The Court agrees with the Magistrate Judge there is no genuine issue of material fact but that Plaintiff has failed to exhaust his claim against Defendant Fletcher.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 39) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Fletcher's Motion for Summary Judgment (ECF No. 26) is **GRANTED.**   Plaintiff's claims against Defendant Fletcher are **DISMISSED WITHOUT PREJUDICE.**

The Court discerns no good-faith basis for appeal of this matter.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).


Dated:   August 6, 2021                         /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE